**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Peggy Jane JOHNS,
Defendant-Appellant.**

**No. 80–5101
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
Unit B

Sept. 15, 1980.

Allen C. D. Scott, II, Jacksonville, Fla. (Court-appointed), for defendant-appellant.

Robert S. Yerkes, Asst. U. S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before GODBOLD, KRAVITCH and HATCHETT, Circuit Judges.

GODBOLD, Circuit Judge:

Appellant was indicted and pleaded not guilty to two forgery counts, 18 U.S.C. § 495, and one count of possession of stolen mail, 18 U.S.C. § 1708. Based upon a plea agreement she subsequently pleaded guilty to the stolen mail charge. Appellant was then sentenced to three years imprisonment, suspended, and placed on probation for two years. Eleven months later, the district court entered an order modifying

the conditions of probation, prohibiting the appellant from having a checking account in her name or jointly and from writing checks on any account during her probation.

Appellant's probation officer filed a petition to revoke probation in December 1979, and in a subsequent preliminary hearing the district court found probable cause that appellant had violated the conditions of her probation. In a final hearing on probation revocation, appellant admitted through counsel that she had opened a checking account in violation of one of the conditions of her probation. She denied the other alleged violations of probation. After hearing testimony, the district court revoked appellant's probation and sentenced her to two years imprisonment.

■ Appellant contends first that the district court erred in failing to address her personally to make an on-the-record determination that she understood what rights she was waiving when she admitted through counsel that she violated one of the conditions of her probation. Second, she argues that the district court abused its discretion in revoking her probation based on her admission of opening a checking account. The second issue need not detain us. District courts are granted considerable discretion in deciding whether to revoke probation, *see U. S. v. Rivera*, 614 F.2d 1049 (5th Cir. 1980); *U. S. v. McLeod*, 608 F.2d 1076 (5th Cir. 1979); *U. S. v. Francischine*, 512 F.2d 827 (5th Cir.) *cert. denied* 423 U.S. 931, 96 S.Ct. 284, 46 L.Ed.2d 261 (1975), and we see no abuse of discretion here.

■ Appellant's first argument asks that we extend the protections afforded to criminal defendants in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and Rule 11, Fed.R.Crim.P., to defendants who admit to probation violations in probation revocation hearings. Although we have not previously addressed this precise issue, the Ninth Circuit has ruled that *Boykin* and Rule 11 are inapplicable to pro-

bation revocation proceedings, *U. S. v. Segal*, 549 F.2d 1293 (9th Cir.) *cert. denied* 431 U.S. 919, 97 S.Ct. 2187, 53 L.Ed.2d 231 (1977); *U. S. v. Hill*, 548 F.2d 1380 (9th Cir. 1977).

We agree with the Ninth Circuit on the Rule 11 issue. The Supreme Court has held that "probation revocation . . . is not a stage of a criminal prosecution," *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756, 1759, 36 L.Ed.2d 656, 662 (1973).[1] Since the appellant did not plead guilty to a criminal charge, *Segal*, 549 F.2d at 1296, and since her admission was not a "functional guilty plea" because she faced no additional punishment or sentencing beyond that imposed upon her conviction, *Hill*, 548 F.2d at 1381, we find Rule 11 inapplicable to her probation revocation hearing.

■ The question remains, however, whether the due process safeguards of *Boykin v. Alabama* apply to probation revocation proceedings. Although the Ninth Circuit concluded that they do not, *Segal*, 549 F.2d at 1301, we need not reach that question in this case. Even if the district court erred under *Boykin* in not directly addressing the appellant about her admission through counsel, it would not be reversible error. Although appellant initially admitted through counsel that she had opened a checking account in violation of the conditions of her probation, she subsequently testified in the same hearing and admitted that she was aware of the probation condition against opening a checking account but nevertheless violated it. Her testimony, coupled with corroborating testimony and other evidence adduced at the hearing, establishes that any error committed by the district court in failing to address the appellant about her admission made through counsel was harmless beyond a reasonable doubt, *see Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1966); *U. S. v. Allison*, 616 F.2d 779, 783 (5th Cir. 1980); *U. S. v. Henry*, 604 F.2d 908, 922 (5th

---

1. Both parties agree that the district court complied with the minimum due process requirements for parole and probation revocation proceedings enunciated in *Morrissey v. Brewer*,

408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484, 499 (1972) and *Gagnon*, 411 U.S. at 786, 93 S.Ct. at 1761, 36 L.Ed.2d at 664.

Cir. 1979). Therefore, we affirm the judgment below.

AFFIRMED.