IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10058
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

SANDRA D. SWEET, also known as Sandra P. Smith,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:96-CR-156-1-R
--------------------
March 25, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Sandra D. Sweet appeals the district court's revocation of
her supervised release.  She contends that the district court
should have ascertained on the record that her plea was knowing
and voluntary as is required under Boykin v. Alabama, 395 U.S.
238 (1969).  Because Sweet did not object to the district court's
failure to do so at the revocation hearing, review is for plain
error.  United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir.
1994)(en banc).  Although some courts have held that Boykin
protections do not apply to the revocation of supervised release,

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

see <u>United States v. LeBlanc</u>, 175 F.3d 511, 515-16 (6th Cir. 1999); <u>United States v. Pelensky</u>, 129 F.3d 63, 67-68 (2d Cir. 1997), we have never addressed the issue in a supervised-release revocation.  <u>Cf</u>. <u>United States v. Johns</u>, 625 F.2d 1175, 1176 (5th Cir. 1980) (<u>Boykin</u> inapplicable to probation revocation). Because we have never held that <u>Boykin</u> applies to supervised-release revocations, Sweet has failed to show that any error in failing to do so was "plain."  <u>United States v. Calverley</u>, 37 F.3d 160, 162-63 (5th Cir. 1994)(en banc).  Consequently, the district court's decision is AFFIRMED.