United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 23, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10858
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MORRIS MARK WOMACK,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:93-CR-135-X-2-R
--------------------

Before DAVIS, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Morris Mark Womack appeals the district court's revocation
of his supervised release.  Womack argues that the protections
afforded by <u>Boykin v. Alabama</u>, 395 U.S. 238 (1969), and FED.
R. CRIM. P. 11 should be extended to supervised-release revocation
proceedings.  He contends that his revocation, therefore, should
be vacated because the district court did not inquire on the
record whether his plea of true was knowing and voluntary.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Because Womack raises this argument for the first time on appeal, this court's review is for plain error only. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc), abrogated in part, Johnson v. United States, 520 U.S. 461 (1997). Contrary to Womack's assertion, plain error review applies to issues of law raised for the first time on appeal. See United States v. Olano, 507 U.S. 725, 732-33 (1993).

In United States v. Johns, 625 F.2d 1175, 1176 (5th Cir. Unit B 1980), this court held that FED. R. CRIM. P. 11 is inapplicable to probation-revocation hearings. As the procedures for supervised-release revocations and probation revocations are the same, see FED. R. CRIM. P. 32.1, the issue whether the district court should have conducted a FED. R. CRIM. P. 11 colloquy at Womack's supervised-release revocation hearing is arguably foreclosed by Johns. Thus, Womack fails to demonstrate that the district court erred, plainly or otherwise, by not conducting a FED. R. CRIM. P. 11 colloquy.

This court has not yet addressed the issue whether Boykin is applicable to supervised-release or probation-revocation hearings. See Johns, 625 F.2d at 1176. Given the lack of controlling authority in this circuit on this issue, any error by the district court with regard to Boykin was not clear or obvious and, therefore, does not meet the plain-error standard. See Calverley, 37 F.3d at 162-64. Accordingly, the district court's judgment is AFFIRMED.