United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 24, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41337
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICARDO GUERRERO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-97-CR-187-2
--------------------

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ricardo Guerrero, federal prisoner # 76456-079, has appealed the district court's judgment revoking his supervised release and sentencing him to a 24-month term of imprisonment. Guerrero contends that the district court violated his right to due process and FED. R. CRIM. P. 11 by entering a plea of "not true" on his behalf. Guerrero did not object in the district court to the court's failure to follow the procedures in Boykin v. Alabama, 395 U.S. 238 (1969), and FED. R. CRIM. P. 11.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Accordingly, we review any error on the part of the district court in failing to follow those procedures for plain error. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc). This court has held that Boykin and Rule 11 do not apply to probation revocation proceedings. United States v. Johns, 625 F.2d 1175, 1176 (5th Cir. 1980). The court has not yet determined whether to extend this rule to proceedings involving revocation of supervised release. Because the court has not yet resolved this question, any error on the part of the district court could not have been clear or obvious. See Calverley, 37 F.3d at 162-64.

Guerrero's due process arguments are based upon the frivolous contention that he was not bound by the conditions of his supervised release or by the laws of the United States. By construing Guerrero's comments at the revocation hearing as a denial of the alleged violations, the district court merely put the Government to its burden of presenting evidence showing that the violations had occurred. See United States v. Grandlund, 71 F.3d 507, 509-10 (5th Cir. 1995); see also FED. R. CRIM. P. 32.1(b)(2)(C). Because Guerrero's appeal is without arguable merit, it is dismissed as frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); see also 5TH CIR. R. 42.2.

APPEAL DISMISSED.