United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 19, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10103
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RANDALL BENTON TAFF,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:99-CR-257-2-A
---------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Randall Benton Taff appeals from the district court's

revocation of his probation.  Taff argues that the protections

afforded by Boykin v. Alabama, 395 U.S. 238 (1969), and

FED. R. CRIM. P. 11 should be extended to probation revocation

proceedings.  He contends that his revocation, therefore, should

be vacated because the district court did not inquire on the

record whether his plea of guilty was knowing and voluntary.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Because Taff raises this argument for the first time on appeal, this court's review is for plain error only.  United States v. McIntosh, 280 F.3d 479, 482 (5th Cir. 2002) (citation omitted).  Contrary to Taff's assertion, plain error review applies to issues of law raised for the first time on appeal.  See United States v. Olano, 507 U.S. 725, 732-33 (1993).

In United States v. Johns, 625 F.2d 1175, 1176 (5th Cir. 1980), this court held that FED. R. CRIM. P. 11 is inapplicable to probation-revocation hearings.  The issue whether the district court should have conducted a FED. R. CRIM. P. 11 colloquy at Taff's probation revocation hearing is foreclosed by Johns.  Thus, Taff fails to demonstrate that the district court erred, plainly or otherwise, by not conducting a FED. R. CRIM. P. 11 colloquy.

This court has not yet addressed the issue whether Boykin is applicable to probation-revocation hearings.  See Johns, 625 F.2d at 1176.  Given the lack of controlling authority in this circuit on this issue, any error by the district court with regard to Boykin was not clear or obvious, and therefore, does not meet the plain-error standard.  See McIntosh, 280 F.3d at 482.  The Government has filed a motion to dismiss the appeal or to summarily affirm the judgment.  The motion to dismiss the appeal is DENIED.  The motion for summary affirmance is GRANTED.

AFFIRMED.