United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10140
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VERNON DWAINE TAYLOR,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:97-CR-129-ALL-Y
--------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

Vernon Dwaine Taylor appeals the district court's judgment revoking his supervised release and sentencing him to 24 months' imprisonment. Taylor argues that the district court erred by not inquiring on the record whether he was knowingly, intelligently and voluntarily pleading true to the alleged supervised release violations, thus extending the protections afforded to criminal defendants in FED. R. CRIM. P. 11 and Boykin v. Alabama, 395 U.S. 238 (1969) to supervised release revocation proceedings. Taylor

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

concedes that this issue is foreclosed by this court's precedent in <u>United States v. Johns</u>, 625 F.2d 1175, 1176 (5th Cir. 1980), and he states that he is raising the issue solely to preserve it for possible future review.

Taylor did not object in the district court to the district court's failure to follow the procedures in <u>Boykin</u> and FED. R. CRIM. P. 11. Accordingly, any error on the part of the district court in failing to follow those procedures is reviewed for plain error. <u>See</u> <u>United States v. Calverley</u>, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

In <u>Johns</u>, 625 F.2d 1175 at 1176, this court held that FED. R. CRIM. P. 11 is inapplicable to probation revocation hearings. The issue whether the district court should have complied with FED. R. CRIM. P. 11 at Taylor's probation revocation hearing is foreclosed by <u>Johns</u>. Thus, Taylor fails to demonstrate that the district court erred by not complying with FED. R. CRIM. P. 11.

This court has not yet addressed the issue whether <u>Boykin</u> is applicable to probation revocation hearings. <u>See</u> <u>Johns</u>, 625 F.2d at 1176. Given the lack of controlling authority in this circuit on this issue, any error by the district court with regard to <u>Boykin</u> was not clear or obvious and, therefore, does not meet the plain-error standard. The Government has filed a motion to dismiss the appeal or to summarily affirm the

judgment without further briefing.  The motion to dismiss the appeal is DENIED.  The motion for summary affirmance is GRANTED.

AFFIRMED.