United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 10, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10452
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LINDA C. ROLLINS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:00-CR-00022-ALL-Y
--------------------

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Linda C. Rollins appeals the district court's judgment
revoking her supervised release and sentencing her to 24 months'
imprisonment.  Rollins argues that the district court erred
by not inquiring on the record whether she was knowingly,
intelligently, and voluntarily pleading true to the alleged
supervised release violations.  She contends that the protections
afforded to criminal defendants by FED. R. CRIM. P. 11 and
Boykin v. Alabama, 395 U.S. 238 (1969), should extend to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

supervised release revocation proceedings.  Rollins concedes that this issue is foreclosed by this court's precedent in United States v. Johns, 625 F.2d 1175, 1176 (5th Cir. 1980), and she states that she is raising the issue solely to preserve it for possible future review.

Rollins did not object to the district court's noncompliance with the procedures in FED. R. CRIM. P. 11 and Boykin. Accordingly, this court's review is for plain error.  See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

In Johns, this court held that FED. R. CRIM. P. 11 is inapplicable to probation revocation hearings.  See Johns, 625 F.2d at 1176.  The issue whether the district court should have complied with FED. R. CRIM. P. 11 at Rollins' revocation hearing is foreclosed by Johns.  Thus, Rollins fails to demonstrate that the district court erred by not complying with FED. R. CRIM. P. 11.

This court has not yet addressed the issue whether Boykin is applicable to probation revocation hearings.  See id. Given the lack of controlling authority in this circuit on this issue, any error by the district court with regard to Boykin was not clear or obvious and, therefore, does not meet the plain-error standard.  See Calverley, 37 F.3d at 163-64.

The Government has filed a motion to dismiss the appeal or to summarily affirm the judgment without further briefing.

In the alternative, the Government moves for an extension of time.  The motion to dismiss the appeal is DENIED.  The motion for summary affirmance is GRANTED.  The motion for an extension of time is DENIED as moot.

AFFIRMED.