United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-10541
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NATHANIEL DEMETRIUS GORDON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CR-00429-2
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Nathaniel Demetrius Gordon appeals the district court's revocation of his supervised release. Gordon argues that the protections afforded by Boykin v. Alabama, 395 U.S. 238 (1969), and FED. R. CRIM. P. 11 should be extended to supervised-release revocation proceedings. He contends that his revocation should be vacated because the district court did not inquire on the record whether his plea of true was knowing and voluntary.

Because Gordon raises this argument for the first time on appeal, this court's review is for plain error only. See United

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States v. Olano, 507 U.S. 725, 732-33 (1993). Contrary to Gordon's assertion, plain error review applies to issues of law raised for the first time on appeal. See id.

In United States v. Johns, 625 F.2d 1175, 1176 (5th Cir. 1980), this court held that FED. R. CRIM. P. 11 is inapplicable to probation-revocation hearings. The issue whether the district court should have complied with FED. R. CRIM. P. 11 at Gordon's revocation hearing is foreclosed by Johns. Thus, Gordon fails to demonstrate that the district court erred by not complying with FED. R. CRIM. P. 11.

This court has not yet addressed the issue whether Boykin is applicable to supervised-release or probation-revocation hearings. See Johns, 625 F.2d at 1176. Given the lack of controlling authority in this circuit on this issue, any error by the district court with regard to Boykin was not clear or obvious and, therefore, does not meet the plain-error standard. See United States v. Dupre, 117 F.3d 810, 817 (5th Cir. 1997). Accordingly, the district court's judgment is AFFIRMED.