United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-41630
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES ANTHONY NEUMAN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:99-CR-1037-1
--------------------

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Charles Anthony Neuman appeals the district court's revocation of his supervised release. Neuman argues that the protections afforded by Boykin v. Alabama, 395 U.S. 238 (1969), and FED. R. CRIM. P. 11 should be extended to supervised-release revocation proceedings. Neuman contends that the revocation of his supervised release should be vacated because the district court failed to fully comply with FED. R. CRIM. P. 11 because the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court failed to admonish him of the minimum sentence he faced or the possibility of departure from the Sentencing Guidelines.

Because Neuman raises this argument for the first time on appeal, our review is for plain error only. See United States v. Olano, 507 U.S. 725, 732-33 (1993). In United States v. Johns, 625 F.2d 1175, 1176 (5th Cir. 1980), we held that FED. R. CRIM. P. 11 is inapplicable to probation-revocation hearings. The issue whether the district court should have complied with FED. R. CRIM. P. 11 at Neuman's revocation hearing is foreclosed by Johns. Thus, Neuman fails to demonstrate that the district court erred by not complying with FED. R. CRIM. P. 11.

We have not yet addressed the issue whether Boykin is applicable to supervised-release or probation-revocation hearings. See Johns, 625 F.2d at 1176. Given the lack of controlling authority in this circuit on this issue, any error by the district court with regard to Boykin was not clear or obvious and, therefore, does not meet the plain-error standard. See United States v. Dupre, 117 F.3d 810, 817 (5th Cir. 1997).

To the extent that Neuman seeks to raise a claim under United States v. Booker, 543 U.S. 220 (2005), the principles of Booker do not apply to revocations of supervised release. See United States v. Hinson, 429 F.3d 114, 118 (5th Cir. 2005), petition for cert. filed (Mar. 8, 2006) (No. 05-9633). The district court's judgment is AFFIRMED.