[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 11, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15894
Non-Argument Calendar

_____

D. C. Docket No. 06-00101-CR-WD0-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OLIVIA WENDELL HALL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(April 11, 2007)**

Before BIRCH, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Olivia Wendell Hall appeals her thirteen-month sentence imposed on

revocation of her supervised release, pursuant to 18 U.S.C. § 3583(g). We

AFFIRM.

## I. BACKGROUND

Following her guilty plea to bank fraud in violation of 18 U.S.C. § 1344 in

the Western District of New York, Hall was sentenced in 2004 to thirty-one

months of imprisonment, followed by a five-year term of supervised release, and

restitution in the amount of $134,255.51. The conditions of Hall's supervised

release included (1) the mandatory condition that she not commit another crime;

(2) the mandatory condition that she refrain from the unlawful use of a controlled

substance; (3) the mandatory condition that she submit to periodic drug testing; (4)

the standard condition that she work regularly at a lawful occupation, unless

excused by the probation officer; and (5) the special condition that she participate

in a substance abuse program. Hall's term of supervised release began on October

26, 2005. In August 2006, Hall was transferred to the Middle District of Georgia.

On September 26, 2006, the United States Probation Office petitioned the

district court for a warrant to arrest Hall because she had violated the terms of her

supervised release. Specifically, the revocation petition charged that Hall had

violated the terms of her supervised release by (1) failing to work regularly at a

lawful occupation, because she was terminated from two places of employment

2

and had not obtained acceptable employment after her termination (violation one); (2) allegedly violating a federal, state, or local law on August 11, 2006, for the crime of obstruction of a law enforcement officer (violation two); (3) possessing or using a controlled substance, as evidenced by her submission of urine samples which tested positive for the presence of cocaine on May 26, 2006, June 9, 2006, and July 11, 2006 (violation three); and (4) failing to participate in an approved substance abuse treatment program, since she was discharged from the River Edge Behavioral Health Center because of noncompliance (violation four). During the revocation hearing, Hall admitted having a substance abuse problem, which prompted the district judge to ask whether she was admitting that she had violated the terms of her supervised release, to which Hall replied, "Yes, I do." R3 at 5.

The probation officer prepared a Revocation Report stating that U.S.S.G. §§ 7B1.1-7B1.5 provided non-binding sentencing alternatives for Hall. Pursuant to U.S.S.G. § 7B1.1(a)(3)(A) and (B), the probation officer found that Hall had committed a Grade C violation. The judge found that Hall had violated her supervised release; under U.S.S.G. § 7B1.3(a)(2), he could revoke her supervised release, extend the term of her supervised release, or modify the conditions of supervision. The probation officer also noted that, pursuant to 18 U.S.C. §

3

3583(g)(1), if the judge found that Hall had violated a condition of her supervised release by being in possession of a controlled substance, it had to terminate her supervised release and require her to serve a term of imprisonment not to exceed the statutory maximum term of imprisonment under 18 U.S.C. § 3583(e)(3), which was three years. Under 18 U.S.C. § 3583(d), the judge had to consider whether the availability of appropriate substance abuse treatment programs, or Hall's current or past participation in such programs, warranted an exception from the mandatory revocation provision of § 3583(g)(1). Additionally, under U.S.S.G. § 7B1.4, the probation officer found that, because Hall had committed a Grade C violation and her criminal history category at the time of the original offense was V, her recommended range of imprisonment was seven to thirteen months. Hall's counsel did not object to these calculations.

The judge further ordered Hall to pay immediately the unpaid balance of $134,255.51 of the original restitution that was imposed in her underlying conviction. Additionally, the judge found that no exception to the mandatory revocation provision of § 3583(g) was warranted, because of Hall's ongoing cocaine use despite her participation in a substance abuse treatment program during her term of supervised release. Although the district judge gave Hall's counsel an opportunity to object to any of his findings, defense counsel had no

4

objections.  This appeal followed.

## II. DISCUSSION

On appeal, Hall first argues the district judge abused his discretion in revoking her supervised release because the record of the revocation proceeding was insufficient to establish any of the individual violations asserted in the revocation petition.  Specifically, she claims that it cannot be determined from the record exactly what condition of supervised release she admitted violating.  Hall maintains that, at the revocation hearing, she denied that she was guilty of obstructing a law enforcement officer and denied the charge that she failed to work or participate in a substance abuse program because she was precluded from doing so, since her wrongful detention began on July 29, 2006.  Hall contends that, although she acknowledged having a drug problem and requested treatment for it, she did not admit to the alleged use of cocaine on any of the dates charged in the petition or any other specific time.  Additionally, Hall asserts that there was no other record evidence supporting findings by a preponderance of the evidence that she violated any one of the individual violations set out in the petition.

Second, Hall argues that the district judge abused his discretion when, after determining that she had violated the conditions of her supervised release, he found that no exception to the mandatory revocation provisions of § 3583(g) was

5

warranted in her case. Third, Hall argues that the district judge erred in sentencing her because he did not consider or explicitly mention the statutory factors set forth in 18 U.S.C. § 3553(a) and that he failed to specify her advisory Sentencing Guidelines range during the revocation hearing. She further argues that it is unclear whether the district judge considered the sentencing range or the policy statements of Chapter 7 of the Sentencing Guidelines. Consequently, she contends that there is no way to determine whether her sentence is reasonable. We address each argument seriatim.

A. Revocation of Supervised Release

Because Hall has raised the district judge's decision to revoke her supervised release and impose sentence for the first time on appeal, it is reviewed for plain error. United States v. Gresham, 325 F.3d 1262, 1265 (11th Cir. 2003). Under plain-error review, we correct an error when it (1) occurred, (2) the error was plain, (3) the error affects substantial rights, United States v. Olano, 507 U.S. 725, 732-36, 113 S.Ct. 1770, 1777-79 (1993), and (4) "'the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings,'" id. at 736, 113 S.Ct. at 1779 (citation omitted).

If a district judge "finds by a preponderance of the evidence that the defendant violated a condition of supervised release," he or she may revoke a term

6

of supervised release, after considering the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7), and impose a sentence of imprisonment for the violation. 18 U.S.C. § 3583(e)(3). The term imposed cannot exceed the statutory maximum, which is determined by the grade of the violation. Id. Revocation of supervised release is mandatory if the defendant possesses a controlled substance in violation of the conditions of supervised release. 18 U.S.C. § 3583(g)(1). Chapter 7 of the Sentencing Guidelines governs violations of supervised release and contains policy statements, one of which provides recommended ranges of imprisonment applicable upon revocation. U.S.S.G. § 7B1.4. Specifically, the recommended sentencing range for a Grade C violation with a criminal history category of V is seven to thirteen months. Id. We have consistently held that the policy statements of Chapter 7 are merely advisory and not binding. United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000) (per curiam).

There was no error, plain or otherwise, in the district judge's revocation of Hall's supervised release by relying upon her admission to her supervised release violations. The plain language of § 3583 entitled the judge to revoke Hall's supervised release if she violated a condition of her release. Further, the judge was required to revoke Hall's supervised release upon a finding that she possessed a

7

controlled substance. Contrary to Hall's assertion that there was no record evidence supporting findings by a preponderance of the evidence that she violated any one of the individual violations set out in the petition, she admitted to violating the conditions of her supervised release. Hall acknowledged that she had a drug problem since she was sixteen years old, and, when the judge advised Hall that she admitted to violating the terms of her supervised release, which included cocaine use, she responded affirmatively. Thus, while it appears that Hall initially attempted to deny the charges that she failed to work regularly at a lawful occupation and that she committed the crime of obstructing a law enforcement officer, the record reflects that Hall admitted to violating the conditions of her supervised release, and, specifically, the use of cocaine. Accordingly, because Hall's admission supported the judge's finding that she had violated the conditions of her supervised release by a preponderance of the evidence, there was no error by the district judge in revoking Hall's supervised release.[1]

B. Exception to Mandatory Revocation

Hall also argues that the district judge abused his discretion when, after determining that she had violated the conditions of her supervised release, he found

_____

[1] To the extent that Hall argues that the district judge violated Federal Rule of Criminal Procedure 11, her argument is misplaced because Rule 11 does not apply to revocation hearings. United States v. Johns, 625 F.2d 1175, 1176 (5th Cir. Unit B 1980) (holding that Rule 11 proceedings are inapplicable to probation-revocation proceedings).

that no exception to the mandatory revocation provisions of 18 U.S.C. § 3583(g) was warranted in her case. She contends that the record warranted an exception to mandatory revocation because no challenge was made to Hall's statements at the revocation hearing that she was precluded from participating in a substance abuse program because of her detention beginning on July 29, 2006 and that she attempted but was unable to participate in a 600-hour drug program during her previous incarceration. Hall began serving her supervised release term on October 25, 2005, but she was not referred to the substance abuse treatment program at the River Edge Behavioral Health Center until May 2006, and two of the drug tests referenced in the petition predate her first admission into that treatment program. Nothing in the PSI prepared for the original sentencing indicates that a substance abuse treatment program was available to Hall or that she failed to participate in such a program.

Under § 3583(d), the sentencing judge

> shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test.

18 U.S.C. § 3583(d). Because Hall's counsel did not make this objection in district

9

court, we review her revocation of supervised release for plain error.  Gresham,

325 F.3d at 1265.

The district judge did not plainly err in finding that Hall's circumstances did

not warrant an exception to the mandatory revocation provision of § 3583(g).

First, because Hall admitted that she continued to use illegal drugs, the judge was

required to revoke Hall's supervised release.  The judge briefly stated that no

exception was warranted in Hall's case, based on her ongoing use of cocaine

despite her participation in a substance abuse treatment program during her term of

supervised release.  Before making this determination, the judge heard Hall's

statements that she currently had a drug problem which began when she was

sixteen years old, she used cocaine in violation of the terms of her supervised

release, and she was terminated from her substance abuse treatment program on

September 6, 2006, albeit because of her incarceration beginning on July 29, 2006.

Although the judge stated that he could make only a recommendation to the

Bureau of Prisons regarding Hall's request to be enrolled in its 600-hour drug

program, there is no indication that the judge did not recognize he had discretion to

order enrollment in a substance abuse program in lieu of revocation.

Consequently, the record reflects that the district judge considered Hall's drug

treatment, as directed by § 3583(d), made a specific ruling that her circumstances

10

did not warrant an exception to the mandatory revocation provision, and stated his reasons for making that ruling. Accordingly, there was no plain error in the district judge's decision that there was no exception warranted to Hall's revocation of supervised release.

III. Reasonableness of Sentence

Hall contends that the district judge erred in sentencing her to thirteen months of imprisonment imposed on revocation of her supervised release because he did not consider nor explicitly mention the statutory factors set forth in 18 U.S.C. § 3553(a) or otherwise provide a reason for the sentence imposed. We review a sentence imposed upon the revocation of supervised release for reasonableness. United States v. Sweeting, 437 F.3d 1105, 1106-07 (11th Cir. 2006) (per curiam). When a defendant fails to raise an issue in district court, we review for plain error. Aguillard, 217 F.3d at 1320.

Although Hall's counsel failed to object to the reasonableness of her sentence at the revocation sentencing hearing, her sentence was reasonable, because the district judge had reasonable cause to revoke her supervised release, based on her admission of violating the terms of her supervised release. Additionally, in a case in which the district judge exceeded the Chapter 7 recommended range in imposing sentence, we recognized that "'[ i]f supervised

11

release is subsequently revoked under 18 U.S.C. § 3583(e), the statute also requires that the §3553(a) factors be considered. However, when revocation of supervised release is mandatory under 18 U.S.C. § 3583(g), the statute does not *require* consideration of the § 3553(a) factors.'" United States v. Brown, 224 F.3d 1237, 1241 (11th Cir. 2000) (citation omitted).

Since Hall was subject to mandatory revocation because she admitted to cocaine use in violation of her supervised release, the district judge was not required to consider the § 3553(a) factors in imposing a mandatory revocation of supervised release and term of imprisonment under 18 U.S.C. § 3583(g). Therefore, even if the district judge did not consider the § 3553(a) factors in sentencing Hall, he did not commit error. Additionally, Hall's actual sentence of thirteen months falls within the Sentencing Guidelines range. Hall's supervised release violation was a Grade C violation and her criminal history category at the time of the original offense was V.

Hall's sentence was within the district judge's statutory power, because he did not exceed the statutory maximum of three years of imprisonment. Although the district judge did not mention Hall's advisory Guidelines range or explicitly mention the § 3553(a) factors, the record indicates that the judge considered the § 3553(a) factor of defendant's history evidenced by his specific ruling that an

12

exception to the mandatory revocation provision of § 3583(g) was not warranted based upon her "ongoing use of cocaine." R3 at 6. Since the district judge did not exceed the recommended range, there was no need for him to indicate his consideration of the Chapter 7 policy statements. The record does not indicate that the district judge considered the ranges in U.S.S.G. § 7B1.4, but because he was not required to do so, there was no error. Accordingly, the judge imposed a reasonable sentence, when he sentenced Hall to thirteen years of imprisonment for violating the terms of her supervised release.

### III. CONCLUSION

Hall has appealed her thirteen-month sentence imposed for several violations of the terms of her supervised release. As we have explained, the district judge did not plainly err by finding that Hall violated her supervised release by using a controlled substance, because she admitted that she had done so. Neither did he err in determining that an exception to the mandatory revocation provisions of 18 U.S.C. §3583(g) was not warranted in Hall's case because of her ongoing cocaine use despite her participation in a substance abuse treatment program during her term of supervised release. Because the district judge was not required to consider the 18 U.S.C. § 3553(a) factors when mandatorily revoking a term of supervised release and imposing imprisonment under § 3583(g), he did not err in his

13

imposition of Hall's sentence. Accordingly, Hall's sentence, imposed on revocation of her supervised release, is **AFFIRMED**.