**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 12, 2012

Lyle W. Cayce
Clerk

No. 11-40841
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROGER WARREN JONES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:01-CR-274-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Roger Warren Jones appeals the district court's revocation of his supervised release. Jones argues that the district court's failure to ascertain whether his plea of true to the alleged supervise release violations was knowing and voluntary violated his due process rights. Jones acknowledges that this court has not decided whether *Boykin v. Alabama*, 395 U.S. 238 (1969), extends to revocation hearings. He argues, however, that the "totality of the circumstances" demonstrates that the plea was not knowing and voluntary and,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as a result, the district court plainly erred by failing to ascertain whether the plea was knowing and voluntary.

This court has not addressed whether the protections afforded by *Boykin* is applicable to revocation hearings. *See United States v. Johns*, 625 F.2d 1175, 1176 (5th Cir. 1980)(declining to address *Boykin*'s applicability to probation revocation proceedings); *see also United States v. Pelensky*, 129 F.3d 63, 68 (3d Cir. 1997)(collecting cases). Nor has this court applied a "totality of the circumstances" test in the context of evaluating the knowing and voluntary nature of a plea at a revocation hearing. *Cf. United States v. Hodges*, 460 F.3d 646, 652 (5th Cir. 2006) (applying "totality of the circumstances" test to question of whether waiver of counsel in a revocation proceeding was knowing and voluntary). Given the lack of controlling authority on this issue, any error by the district court with regard to failing to ascertain the knowing and voluntary nature of the plea was not clear or obvious and, therefore, does not meet the plain error standard. *See United States v. Dupre*, 117 F.3d 810, 817 (5th Cir. 1997); *see also United States v. Gordon*, 87 F. App'x 384 (5th Cir. 2004)(unpublished)(noting that plain error could not be shown when this court has not applied *Boykin* to voluntariness of plea in a supervised release revocation proceeding). Moreover, we note that the record of the revocation hearing, during which Jones allocuted at some length and admitted his guilt in his own words,[1] reveals no indication of any coercion, incompetence, or dissatisfaction with counsel. The district court's judgment is therefore AFFIRMED.

---

[1]   Neither Jones during his allocution, nor his counsel who addressed the court, referenced any of the allegations made in an earlier-filed pro se motion to dismiss which, by that time, had been stricken by the district court because Jones was represented by counsel.