[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10900
Non-Argument Calendar
_____

D.C. Docket No. 1:06-cr-20044-MGC-4


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TYRONE DUNKLEY,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 28, 2020)

Before WILSON, MARTIN, and BRANCH, Circuit Judges.

PER CURIAM:

Tyrone Dunkley appeals the revocation of his supervised release and accompanying 48-month prison sentence. He argues that his sentence is procedurally and substantively unreasonable, and that the district court violated his due process rights by failing to adequately advise him of his rights during his sentencing hearing. After careful consideration, we affirm.

## I.

In 2006, Dunkley pled guilty to one count of conspiracy to possess with intent to distribute cocaine, cocaine base, and heroin, in violation of 21 U.S.C. § 846. The district court sentenced him to 120-months imprisonment, followed by five years of supervised release. Dunkley served his term of imprisonment and began his supervised release on December 9, 2015.

On October 20, 2018, Dunkley was arrested for Domestic Battery by Strangulation, in violation of Florida Statute § 784.041(2). Dunkley's fiancée told law enforcement that she and Dunkley had a verbal altercation that turned physical when Dunkley began choking her, causing her to lose consciousness. Upon regaining consciousness, she ran out of her home and called 911. When law enforcement arrived, Dunkley admitted he had an altercation with his fiancée but said he merely "brush[ed] up" against her when leaving the room. Dunkley was arrested, but the State Attorney declined to pursue charges related to the alleged domestic battery.

2

On October 30, 2018, the probation office submitted a petition alleging Dunkley had violated the terms of his supervised release as a result of the domestic battery.  About a month later, the probation office provided the district court with a Report and Recommendation for Final Revocation Hearing ("R&R").  Among other things, the R&R (1) summarized the circumstances surrounding Dunkley's arrest; (2) stated that the statutory maximum penalty for Dunkley's violation of his supervised release was 5-years imprisonment with a life term of supervised release; and (3) calculated Dunkley's sentencing guideline range for his alleged violation, based on a criminal history category V, to be 46 to 57 months under United States Sentencing Guideline § 7B1.4(a)(2).

At Dunkley's revocation hearing, the parties informed the district court that Dunkley's fiancée chose not to cooperate and instead intended to testify on Dunkley's behalf during the revocation proceedings.  As a result, the government requested a continuance so it could try and locate an additional witness to testify against Dunkley.  Dunkley's counsel agreed, indicating that Dunkley would also want the opportunity to interview the additional witness as part of a "full-blown [revocation] hearing."  The district court granted the government's continuance request.

At Dunkley's final revocation hearing, the district court began by asking Dunkley how he planned to proceed.  Dunkley's counsel told the district court that

Dunkley would be admitting the violation and would reserve argument for later. The court then asked Dunkley a brief series of questions. It asked Dunkley if he "had an opportunity to speak to [his] lawyer about the sole violation contained in the petition," which Dunkley confirmed. The court then asked Dunkley whether he wished to admit the violation alleged in the petition submitted by the probation office, and he said he did. Finally, the court asked Dunkley whether he understood that he "did have a right to have a hearing," and that by admitting to the violation, he was "giving that [right] up." Dunkley said yes.

The district court then asked the parties how they wished to proceed. The government said it had experienced "evidentiary challenges" in proving Dunkley's supervised release violation, including (a) the fact that the State Attorney's Office had declined to take action against Dunkley; and (b) the victim's refusal to cooperate with the government. The government explained that, "[b]ased on the totality of the circumstances," the parties had agreed to a joint sentencing recommendation of one year and one day in custody. The government did note, however, that it disagreed with Dunkley as to whether supervision should follow his one-year prison term. Dunkley's counsel confirmed that Dunkley agreed with the proposed prison term but argued that supervised release was unwarranted because Dunkley had not committed any other violations since being released from prison three years earlier. Dunkley's counsel also argued that "[t]his is not a case

4

where [Dunkley] had any other issues or that there is a concern that he might violate again."

The district court confirmed that Dunkley did not wish to make any further statements, then imposed a 48-month prison term with no supervised release to follow. The court explained its sentence:

> After a review of the record, the arguments of counsel, as well as a review of the probation report in this matter, I sentence the defendant as follows: The defendant is hereby committed to the Bureau of Prisons for a term of 48 months. No supervised release to follow.

The court then asked if Dunkley or his counsel had any "object[ions] to the court's finding of fact or the manner in which the sentence was pronounced." Dunkley's counsel objected only "to the imposition of 48 months versus the joint recommendation of the parties." The entire proceeding lasted approximately six minutes. The same day, the district court issued a one-page order in which it memorialized its finding that Dunkley violated the terms of his supervised release and its 48-month sentence. Dunkley timely appealed.

On appeal, Dunkley makes three arguments. First, he argues that his sentence was procedurally unreasonable because the district court did not calculate his guideline range, consider the sentencing factors under 18 U.S.C. § 3553(a), or explain its chosen sentence. Second, Dunkley argues that his sentence is substantively unreasonable because the district court did not afford consideration to relevant § 3553(a) factors. And third, Dunkley argues that Dunkley's waiver of

5

his right to a revocation hearing did not "comport with principles of fundamental fairness."

## II.

We generally review the reasonableness of a sentence for an abuse of discretion, United States v. Dougherty, 754 F.3d 1353, 1358 (11th Cir. 2014). However, when a defendant objects to the reasonableness of a sentence for the first time on appeal, we review for plain error. United States v. Vandergrift, 754 F.3d 1303, 1307 (11th Cir. 2014). Due process claims raised for the first time on appeal are likewise reviewed for plain error. United States v. Cosgrove, 73 F.3d 297, 303 (11th Cir. 1996). Plain error review requires a showing that "(1) that the district court erred; (2) that the error was plain; and (3) that the error affected [the defendant's] substantial rights." Vandergrift, 754 F.3d at 1307 (alteration adopted and quotation marks omitted).

## III.

The Supreme Court has held that a sentencing court commits "significant procedural error" when it fails to calculate the Sentencing Guidelines range, fails to consider the § 3553(a) factors, or fails to adequately explain its sentence. Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). A single one of these errors is sufficient to render a sentence procedurally unreasonable. See, e.g., United States v. Campbell, 473 F.3d 1345, 1348–49 (11th Cir. 2007) (holding that

failure to calculate guideline range rendered sentence procedurally unreasonable). Dunkley correctly observes that the district court violated all three procedural requirements. However, Dunkley is not entitled to relief because he did not demonstrate that the district court's erroneous sentence proceeding affected his substantial rights.

A. Failure to Consider Dunkley's Sentencing Range

Although the Sentencing Guidelines are discretionary in nature, the court "must consult those Guidelines and take them into account when sentencing." United States v. Booker, 543 U.S. 220, 264, 125 S. Ct. 738, 767 (2005). The consultation requirement, "at a minimum, obliges the district court to calculate correctly the sentencing range prescribed by the Guidelines." United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005). After satisfying this requirement, the district court may impose a more severe or more lenient sentence, "but the requirement of consultation itself is inescapable." Id. at 1179; see also United States v. White, 416 F.3d 1313, 1318 (11th Cir. 2005) (per curiam) (holding that a sentencing court "must consider . . . the sentencing range" (quotation marks omitted)).

In Campbell, this court held that a district court can satisfy the consultation requirement by providing "some indication" on the record that it was aware of and considered the Guidelines. 473 F.3d at 1349 (quotation marks omitted). However,

7

because the district court "never explicitly mentioned [the defendant's] advisory Guidelines range during the revocation hearing," and indeed, "never said the word 'Guidelines' during the entire hearing," we held that the defendant's sentence was procedurally unreasonable. Id. Here, as in Campbell, there is nothing in the record to suggest that the district court calculated or consulted Dunkley's guideline range. And in fact, just as in Campbell, at no point during Dunkley's six-minute sentence proceeding did the district court utter the word "Guidelines."

The government suggests the district court nevertheless gave "some indication" that it considered Dunkley's guideline range by stating that it reviewed "the probation report in this matter." The R&R contained a calculation of Dunkley's guideline range, which means, according to the government, that the court discharged its consultation requirement. However, the government's argument is foreclosed by Campbell. In Campbell, this court held that a sentence was procedurally unreasonable—even though both parties mentioned the defendant's guideline range—because "the district court itself never made any on-the-record conclusion regarding the Guidelines or the applicable sentencing range." Id. at 1349 n.2. Because the district court therefore failed to satisfy the consultation requirement as required under Campbell, Dunkley's sentence was procedurally unreasonable.

B. Failure to Consider Sentencing Factors Under § 3553(a)

8

In determining whether to revoke a term of supervised release and impose a sentence, the district court must consider certain of the sentencing factors set forth in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3583(e)(3) (requiring sentencing courts to consider §§ 3553(a)(1), (2)(B)–(D), & (4)–(7)). A district court is not required to reference or discuss each factor explicitly. See United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005) (per curiam), abrogated on other grounds by Rita v. United States, 551 U.S. 338, 127 S. Ct. 2456 (2007). However, "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita, 551 U.S. at 356, 127 S. Ct. at 2468. This court has deemed this requirement satisfied when the district court considers sentencing objections and motions that elicit facts and argument related to the § 3553(a) factors. See, e.g., United States v. Dorman, 488 F.3d 936, 944–45 (11th Cir. 2007).

As an initial matter, the district court could not have discharged this duty merely by considering the arguments made by the parties in Dunkley's abbreviated hearing. That is because, as the government concedes, the parties' arguments did not focus on the § 3553(a) factors. Nor could the district court have discharged its duty merely by considering "the probation report in this matter," because the record is unclear as to which document the district court reviewed. "The probation

9

report" could have referred to: (1) the presentence investigation report ("PSR") prepared by the probation office for Dunkley's 2007 sentencing; (2) the probation office's October 30, 2018 petition for revocation of Dunkley's supervised release; or (3) the R&R.  Of these documents, only the PSR provided any meaningful discussion of Dunkley's "history and characteristics."  See 18 U.S.C. § 3553(a)(1).  Because we are therefore unable to determine from the record whether the district court adequately considered the relevant § 3553(a) factors, Dunkley's sentence is procedurally unreasonable for a second reason.

## C. Failure to Explain Dunkley's Sentence

As set out above, the Supreme Court has held that a district court's failure to "adequately explain the chosen sentence" constitutes a "significant procedural error."  Gall, 552 U.S. at 51, 128 S. Ct. at 597.  That is because a district court's failure to provide any "reasoned basis for exercising [its] legal decisionmaking authority," Rita, 551 U.S at 356, 127 S. Ct. at 2468, prevents "meaningful appellate review" and affects "the perception of fair sentencing," Gall, 552 U.S. at 50, 128 S. Ct. at 597.  Here, the district court announced Dunkley's sentence without giving any explanation for its decision.  Dunkley's sentence is thus procedurally unreasonable for this third reason as well.

## D. Plain Error

Because Dunkley challenges his objection on procedural reasonableness grounds for the first time on appeal, we must review it for plain error. Vandergrift, 754 F.3d at 1307.[1] Dunkley has satisfied the first two elements of the plain error standard, as the district court erred by imposing a procedurally unreasonable sentence, and that error was plain. See Gall, 552 U.S. at 51, 128 S. Ct. at 597. However, Dunkley cannot satisfy the third prong of the plain error analysis, which requires him to show that the court's error "affected his substantial rights." Vandergrift, 754 F.3d at 1307 (alteration adopted and quotation marks omitted). In the context of sentencing error, a defendant shows an error violated his substantial rights by demonstrating that, but for the error, "the court would have imposed a lower sentence." United States v. Arias-Izquierdo, 449 F.3d 1168, 1190 (11th Cir. 2006); United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007) (explaining that the defendant bears the burden of persuasion to show an effect on substantial rights).

Dunkley has not pointed to anything in the record suggesting that the district court would have imposed a lesser sentence in the absence of its procedural errors. He argues only that if the District Court had considered the § 3553(a) factors, it would have realized that a lower sentence was warranted because Dunkley

---

[1] Dunkley concedes that he challenges the procedural reasonableness of his sentence for the first time on appeal, and that his objection is thus subject to plain error review. See Br. of Appellant at 8.

11

"complied with the terms of his supervision for nearly three years." However, Dunkley's counsel expressly raised his compliance with his supervision when arguing that his violation did not warrant an additional term of supervision. The fact that the district court heard argument on Dunkley's compliance, and nevertheless sentenced him to 48-months imprisonment, contradicts the argument that he would have received a lower sentence but for the district court's procedural errors. Because Dunkley has thus failed to satisfy his burden of showing a violation of his substantial rights, he is not entitled to relief from the district court's procedural errors.

## IV.

Dunkley has also failed to demonstrate that his sentence was substantively unreasonable. "A district court abuses its considerable discretion and imposes a substantively unreasonable sentence only when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." United States v. Rosales-Bruno, 789 F.3d 1249, 1256 (11th Cir. 2015) (quotation marks omitted). "The fact that we might have reasonably concluded that a different sentence was appropriate is insufficient to justify reversal." United States v. Hayes, 762 F.3d 1300, 1307 (11th Cir. 2014) (alterations adopted and quotation marks omitted). In conducting a review for

substantive reasonableness, we examine the "totality of the circumstances." Id. (quotation marks omitted).  And while we do not "automatically presume a sentence within the guidelines range is reasonable, we ordinarily expect a sentence within the Guidelines range to be reasonable." United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008) (alteration adopted and quotation marks omitted).

Dunkley admitted to strangling his fiancée while on supervised release.  And even if Dunkley had not committed any violations of his supervised release in the preceding three years, he nevertheless had an extensive criminal history, as outlined in his original PSR.  Dunkley's 48-month prison sentence, with no supervised release to follow, was at the lower end of his guideline range of 46- to 57-months imprisonment with a life term of supervised release.  Under the circumstances, we cannot say this sentence "lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation marks omitted).[2]

**V.**

---

[2] Dunkley's sole basis for arguing his sentence was substantively unreasonable is that the district court "failed to consider or discuss any section 3553(a) factors."  Br. of Appellant at 23. However, whether the district court consulted the § 3553(a) sentencing factors is an argument about procedural rather than substantive reasonableness.  See Gall, 552 U.S. at 51, 128 S. Ct. at 597.  And as explained supra in Part III.D, Dunkley cannot carry his burden to show that the district court's procedural error harmed his substantial rights, as required under plain error review.

13

Finally, Dunkley argues that his waiver of his right to a revocation hearing did not comport with principles of fundamental fairness. He contends the district court was required to inform him of his right to a hearing, and more specifically, his right to examine witnesses or to present mitigation information at that hearing, as permitted under Federal Rule of Criminal Procedure 32.1. According to Dunkley, "[w]aiving rights to which a defendant did not know he is entitled cannot comport with fundamental principles of fairness and due process." Br. of Appellant at 25.

Defendants in revocation proceedings are entitled to certain minimal due process requirements, which are incorporated in Rule 32.1. United States v. Frazier, 26 F.3d 110, 114 (11th Cir. 1994). Relevant here, Rule 32.1 gives defendants the right to a revocation hearing wherein the defendant may (1) present evidence and question adverse witnesses, and (2) make a statement and present information in mitigation. Fed. R. Crim. P. 32.1(b)(2)(C), (E). However, a defendant may choose to waive the right to a revocation hearing. Fed. R. Crim. P. 32.1(c)(2), (A) ("A hearing is not required if . . . the person waives the hearing."). We have held that Federal Rule of Criminal Procedure 11—which requires district courts to advise defendants concerning the waiver of certain trial rights before

14

accepting a plea—does not apply in the context of revocation proceedings.  See

United States v. Johns, 625 F.2d 1175, 1176 (5th Cir. 1980).[3]

As an initial matter, the district court did give Dunkley an opportunity to

make a statement and present information in mitigation to the court, which

Dunkley declined after consulting with his counsel.  The court also expressly asked

Dunkley whether he understood he "did have a right to have a hearing," and that he

was "giving that [right] up," which Dunkley confirmed.  And while the district

court did not specifically advise Dunkley of his right to examine witnesses during a

revocation hearing, we do not consider this to be a violation of Dunkley's due

process rights for two reasons.  First, nothing in this Court's precedent requires a

district court to enumerate every Rule 32.1 right before accepting a waiver of a

revocation hearing.  In fact, our refusal to apply Rule 11 to revocation hearings

suggests the opposite.  See Johns, 625 F.2d at 1176.  Second, Dunkley was

apparently aware of his right to question witnesses, as evidenced by his counsel's

statement that Dunkley "would [] want to have the benefit of [] interview[ing]" any

additional witnesses in a "full-blown [revocation] hearing."  Ultimately, neither

our precedent nor the record support Dunkley's contention that his waiver of his

Rule 32.1 rights failed to comport with principles of due process.

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the Fifth Circuit handed down prior to the close of business on September 30, 1981.  Id. at 1207.

## VI.

We therefore **AFFIRM** the district court's revocation of Dunkley's supervised release and resulting sentence.