UNITED STATES of America, Appellee,

v.

**John Ashley STEHL, Appellant.**

**No. 81–5066.**

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 6, 1981.
Decided Dec. 3, 1981.

---

1. No order directing a mistrial was ever entered.

Nancy L. Cook, Washington, D. C., for appellant.

Mark Wayne Wasserman, Student Asst. to the U. S. Atty. (Justin W. Williams, U. S. Atty., N. George Metcalf, Asst. U. S. Atty., Richmond, Va., on brief), for appellee.

Before HAYNSWORTH, Senior Circuit Judge, and PHILLIPS and SPROUSE, Circuit Judges.

HAYNSWORTH, Senior Circuit Judge:

We reject the appellant's contention that Rule 11 of the Federal Rules of Criminal Procedure applies in its entirety to a probation revocation proceeding.

Upon a plea of guilty, the defendant was convicted in the United States District Court for the Eastern District of Virginia of credit card offenses. ·A sentence of five years imprisonment and a fine of $22,000 was imposed upon him, but the prison term and a portion of the fine were suspended, and the defendant was placed on probation for five years.

Later, the defendant was convicted in a state court of perjury during a prosecution against him for larceny, a proceeding which had resulted in his acquittal. The perjury conviction led to the filing of a probation revocation petition.

At a probation revocation hearing, the defendant tendered a plea that he was guilty of a violation of the conditions of his probation. The district judge questioned him closely and extensively about the voluntariness of his plea, but did not advise him of procedural rights that he was waiving or warn him that his answers to questions might later be used against him in a prosecution for perjury. He appeals from an order requiring him to serve thirty months of his five year sentence, consecutive to the state court sentence he was then serving, contending that there had been a violation of Rule 11.

In *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and in *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), in which the Supreme Court considered what procedural rights the due process clause gave probationers and parolees during revocation proceedings, it was repeatedly emphasized that the revocation proceeding was not a part of the criminal prosecution.

Rule 11(c) of the Federal Rules of Criminal Procedure fits nicely in the context of a federal prosecution for a substantive offense. It simply does not fit a probation or parole revocation proceeding in which the defendant has no right to a trial by a jury and in which, though he be indigent, he has no absolute right to the appointment and assistance of counsel. The rights which a probationer or parolee enjoy during a revocation proceeding are simply not co-extensive with those enjoyed by a defendant during a prosecution for a substantive offense.

This identical question has been considered by the United States Courts of Appeals for the Ninth and Fifth Circuits, each of which held that Rule 11 has no application to probation revocation proceedings. *United States v. Johns*, 625 F.2d 1175 (5th Cir. 1980); *United States v. Hill*, 548 F.2d 1380 (9th Cir. 1977); *United States v. Segal*, 549 F.2d 1293 (9th Cir.), *cert. denied*, 431 U.S. 919, 97 S.Ct. 2187, 53 L.Ed.2d 231 (1977). For the reasons fully developed in the opinions of those courts, we join them in

the conclusion that Rule 11 has no application to probation revocation proceedings.

Since there was no infirmity in the revocation process, the order requiring service of thirty months imprisonment is affirmed.

AFFIRMED.