**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

JERRY JOHNSON, a/k/a Gerald Lee
Johnson, Jr.,
          *Defendant-Appellant.*

No. 99-4742

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CR-98-230)

Submitted: January 16, 2001

Decided: February 6, 2001

Before WILKINS, MICHAEL, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Robert Haley, Assistant Federal Public Defender, Charleston, South
Carolina, for Appellant. Miller Williams Shealy, Jr., OFFICE OF
THE UNITED STATES ATTORNEY, Charleston, South Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Jerry Johnson appeals from the district court's revocation of his term of supervised release and his resulting thirty-month sentence. We affirm. Johnson's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), asserting claims in regard to Johnson's guilty plea to violating terms of his supervised release but conceding that the claims lack merit. Although notified of his right to file a pro se supplemental brief, Johnson has not done so.

We have reviewed the claims asserted by counsel and conclude they lack merit. Revocation of supervised release is discretionary with the district court, and the court need only be reasonably satisfied by a preponderance of the evidence that the terms of release were violated. *United States v. Cates*, 402 F.2d 473, 474 (4th Cir. 1968); 18 U.S.C.A. § 3583(e)(3) (West Supp. 2000). Given the informal nature of a revocation hearing, Johnson is not entitled to the full panoply of procedural safeguards under Fed. R. Crim. P. 11. *Black v. Romano*, 471 U.S. 606, 613 (1985); *see also United States v. Stehl*, 665 F.2d 58, 59-60 (4th Cir. 1981). Instead, Johnson is entitled to notice of the hearing; disclosure of the evidence; the opportunity to be present, to be heard, and to contest the charges; the presence of a neutral judicial officer; a written statement of findings; and under some circumstances, the assistance of counsel. *Black*, 471 U.S. at 611-12. Our review of the record on appeal discloses that Johnson received all of these safeguards.

Pursuant to *Anders*, we have reviewed the record for potential error and have found none. Therefore, we affirm Johnson's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may

move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*