**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                      No. 00-4815

MATTHEW GRANT DRIGGERS,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(CR-96-45-BR)

Submitted: August 31, 2001

Decided: October 24, 2001

Before WIDENER, WILKINS, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Matthew Grant Driggers appeals from the revocation of his supervised release and the imposition of a nine-month prison term. Driggers contends that the district court erred by failing to make adequate factual findings on the record, and that even if the record were sufficient to permit appellate review, insufficient evidence supported the revocation of his supervised release. Finding sufficient evidence to support the revocation, we affirm.

This court reviews for abuse of discretion the district court's order imposing a sentence after revocation of supervised release. *United States v. Davis*, 53 F.3d 638, 642-43 (4th Cir. 1995). The district court abuses its discretion when it fails or refuses to exercise its discretion or when its exercise of discretion is flawed by an erroneous legal or factual premise. *James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993). The district court may revoke a defendant's term of supervised release if it finds by a preponderance of the evidence that he violated the terms of release. 18 U.S.C.A. § 3583(e)(3) (West 2000).

Driggers argues that the court violated his due process rights by making inadequate factual findings on the written and oral record. He contends that the written judgment and the transcript of the hearing do not provide a sufficient record to permit appellate review. The Government contends that Driggers did not raise this objection in the district court and therefore it should be subject to plain error review. *United States v. Olano*, 507 U.S. 725 (1993). In considering whether a district court's findings in support of a supervised release revocation are sufficient, this court must consider the district court's written findings, together with the hearing transcript and the rest of the record, and determine whether these materials permit the court to determine the factual basis of the district court's decision. *United States v. Copley*, 978 F.2d 829, 832 (4th Cir. 1992). We conclude that the hearing transcript and written findings are sufficient to permit review.

We also conclude that the district court did not abuse its discretion in finding that Driggers violated the terms of his supervised release. After Driggers' first parole revocation hearing where he admitted to four violations, Driggers was granted a second opportunity to comply with the terms of supervised release. The district court ordered Driggers to continue on supervised release with an additional condition that he serve a six-month term in a community corrections center and the court ordered him to abide by the conditions of the program during his placement. Both Driggers' probation officer and a staff member at the community corrections center testified that Driggers violated the rules of the center. The violation of the community corrections center rules is sufficient to revoke supervised release and impose a term of imprisonment.

We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*