UNITED STATES of America,
Plaintiff–Appellee,

v.

Rita Ann FARRELL, Defendant–
Appellant.

No. 04–4196.

United States Court of Appeals,
Fourth Circuit.

Argued: Oct. 29, 2004.

Decided: Jan. 5, 2005.

**ARGUED:** Frances Hemsley Pratt, Office of the Federal Public Defender, Alexandria, Virginia, for Appellant. Daniel Joseph Grooms, III, Special Assistant United States Attorney, Office of the United States Attorney, Alexandria, Virginia, for Appellee. **ON BRIEF:** Frank W. Dunham, Jr., Federal Public Defender, Michael S. Nachmanoff, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Alexandria, Virginia, for Appellee.

Before WIDENER and MOTZ, Circuit Judges, and Glen E. CONRAD, United States District Judge for the Western District of Virginia, sitting by designation.

Affirmed by published opinion. Judge CONRAD wrote the opinion, in which Judge WIDENER and Judge MOTZ joined.

## OPINION

CONRAD, District Judge:

Rita Ann Farrell appeals from the district court's revocation of her supervised release and its imposition of a twenty-four month prison sentence. Farrell contends that she did not knowingly and voluntarily admit to the supervised release violations

or waive her rights under Rule 32.1 of the Federal Rules of Criminal Procedure. For the reasons that follow, we affirm.

## I.

In 1999, Farrell pled guilty to four counts of credit card fraud in violation of 15 U.S.C. § 1644(a). Farrell was sentenced to thirty-seven months of imprisonment followed by three years of supervised release. Farrell's term of supervised release commenced on March 22, 2002. On January 22, 2004, Farrell's probation officer petitioned the court for an arrest warrant, based on the following violations of Farrell's conditions of supervised release: (1) commission of another crime in Fairfax County, Virginia;[1] (2) failure to submit monthly supervision reports for August, October, and November 2003, and failure to report to the probation office on December 11, 2003; (3) failure to notify her probation officer of a change in employment; (4) failure to notify her probation officer that she was arrested for the crime committed in Fairfax County; (5) failure to make payments toward her restitution obligation; (6) failure to participate in mental health counseling; (7) commission of another federal crime in the District of Columbia; and (8) failure to notify her probation officer of a second change of employment. Farrell was arrested for the supervised release violations on February 4, 2004.

On February 6, 2004, Farrell appeared before a magistrate judge for a preliminary hearing on the alleged violations. Farrell's counsel did not present any evidence in opposition to the probation officer's petition on supervised release.

Therefore, the magistrate judge found cause to require Farrell to appear before the district court for a supervised release revocation hearing.

The district court held a supervised release revocation hearing on February 13, 2004. At the start of the hearing, Farrell's counsel addressed each of the supervised release violations cited in the probation officer's petition. Counsel stated that Farrell admitted to each of the "technical violations" but that she would not admit to the criminal charges pending in the District of Columbia.[2] Farrell's counsel acknowledged that the government was ready to proceed with a hearing on those charges. However, she suggested that it was not necessary given the admitted technical violations. Farrell's counsel explained that "all of the parties, including Ms. Farrell, are in agreement that she is not a good candidate for continued supervision." Farrell's counsel recommended that the court revoke Farrell's supervised release and impose a period of incarceration.

Although the government offered to proceed on the criminal charges pending in the District of Columbia, the district court determined that it was not necessary. The court emphasized that it was most concerned with Farrell's failure to comply with the mental health counseling requirement. The district court concluded that Farrell violated her conditions of supervised release. After hearing argument from counsel on the appropriate sentence, the district court asked Farrell if she had anything to say before the court imposed a sentence. Farrell apologized to the district court and stated that she was physi-

---

1. The government subsequently indicated that it would not proceed on this alleged violation.

2. Since the government indicated that it would not proceed on the criminal charges pending in Fairfax County, Farrell's counsel did not address that violation.

cally unable to attend the required counseling sessions.

The district court ultimately imposed the maximum sentence of twenty-four months of imprisonment. The court explained that the maximum sentence was appropriate based on the number of technical violations.

## II.

■■■ A defendant's supervised release cannot be revoked without a full hearing unless the defendant knowingly and voluntarily admits to the allegations against her and waives her rights under Rule 32.1 of the Federal Rules of Criminal Procedure.[3] *See United States v. Correa–Torres*, 326 F.3d 18, 20 (1st Cir.2003); *United States v. LeBlanc*, 175 F.3d 511, 515 (7th Cir.1998); *United States v. Pelensky*, 129 F.3d 63, 68 n. 9 (2nd Cir.1997); *United States v. Stocks*, 104 F.3d 308, 312 (9th Cir.1997). On appeal, Farrell contends that the record in this case fails to establish a knowing and voluntary admission or waiver. We disagree.

It is undisputed that Farrell's probation officer provided the parties with a copy of the petition on supervised release, which summarized all of Farrell's alleged violations of her supervised release conditions. During the revocation hearing, Farrell's counsel acknowledged that Farrell faced a sentencing range of eight to twenty-four months. Nevertheless, defense counsel explicitly stated, in Farrell's presence, that Farrell admitted to the alleged technical violations, and that the district court could proceed directly to sentencing. Counsel also told the court that all of the parties, including Farrell, agreed that Farrell was not a good candidate for continued supervision. When given the opportunity to address the district court directly, Farrell apologized to the court and attempted to explain why she failed to comply with the mental health counseling requirement. At no point during the hearing did Farrell object to her counsel's assertions. It is clear from the totality of the circumstances presented in the record that Farrell understood the allegations against her, that she knowingly and voluntarily admitted to the alleged violations, and that she knowingly and voluntarily waived her right to a full revocation hearing. *See United States v. Tapia–Escalera*, 356 F.3d 181, 184 (1st Cir.2004) (finding a knowing and voluntary admission and waiver where defense counsel stated in the defendant's presence that the defendant did not contest the alleged supervised release violations, and where the defendant did not dispute any of defense counsel's assertions).

## III.

For the reasons set forth above, the district court's revocation of Farrell's supervised release and its imposition of a twenty-four month prison sentence are

*AFFIRMED.*

---

**3.** The portion of Rule 32.1 pertinent to this appeal provides that unless waived by the person, the court must hold a revocation hearing in which the person is entitled to:

  (A) written notice of the alleged violation;

  (B) disclosure of the evidence against the person;

  (C) an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear; and

  (D) notice of the person's right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel.

Fed.R.Crim.P. 32.1(b)(2).