[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 6, 2005
THOMAS K. KAHN
CLERK

No. 05-10492
Non-Argument Calendar
_____

D. C. Docket No. 04-80003-TP-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY KRAVITSKY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 6, 2005)

Before BLACK, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Larry Kravitsky appeals through counsel the district court's revocation of his probation, pursuant to 18 U.S.C. § 3565. Kravitsky argues on appeal that the district court erred in revoking his probation without personally questioning him on whether his admission to violating a term of his probation was knowing and voluntary. For the reasons set forth more fully below, we affirm.

In May 2001, the United States District Court for the Eastern District of New York sentenced Kravitsky to five years' probation, with four months' home confinement, a $10,000 fine, and a $50 special-assessment fee, for committing income tax evasion, in violation of 26 U.S.C. § 7201. Kravitsky's mandatory conditions of probation included that he refrain from further violating the law. In December 2003, Kravitsky's term of probation was transferred to the United States District Court for the Southern District of Florida.

In August 2004, the government filed a "petition for warrant or summons for offender under supervision," recommending that the court revoke Kravitsky's probation because, in April 2004, Kravitsky had violated the mandatory condition of his probation that he refrain from further violating the law by committing the state offense of unlawful compensation, in violation of Fla. Stat. § 838.016(1). During Kravitsky's preliminary revocation hearing, at which Kravitsky was represented by counsel, the magistrate judge (1) informed Kravitsky of the nature

2

of the alleged violation; (2) advised him of his rights; and (3) released him on a $10,000 personal surety bond.[1]  The government subsequently supplied Kravitsky with discovery.

In January 2005, at the beginning of Kravitsky's final revocation hearing, his counsel informed the court that Kravitsky had decided to admit to the violation. The government similarly advised the court that (1) Kravitsky and the government had "agreed to jointly recommend a ten[-]month sentence, which [was] the high end of [Kravitsky's] guideline range, with no federal supervision to follow"; and (2) Kravitsky had a tentative agreement with the state attorney that he receive probation on his pending state charge. The government also summarized the evidence it would have presented during an evidentiary hearing on the pending state charge, along with stating that the government's witness was present to testify. At the conclusion of this factual proffer, Kravitsky personally admitted that the facts underlying the probation violation were correct.

Based on Kravitsky's admission and the information contained in the violation petition, the court found that Kravitsky had violated a condition of his probation by committing the new state offense. When the court gave Kravitsky the

---

[1] Although the appellate record does not contain a transcript of this preliminary hearing, Kravitsky has not contested the government's summary of this hearing, which corresponds with the contents of the court's minutes.

opportunity to allocute, Kravitsky expressed his remorse. The court then revoked

Kravitsky's probation, determined that a sentence within his guideline range was

appropriate, and sentenced him to the recommended term of ten months'

imprisonment. The court also permitted Kravitsky to voluntarily surrender 30 days

following sentencing. When the court asked Kravitsky if he had any objections to

the manner in which his sentence was pronounced, Kravitsky answered in the

negative.[2]

Kravitsky argues for the first time on appeal that the district court erred in

revoking his probation without asking him personally whether his admission to

violating a condition of his probation was free and voluntary. In raising this

argument, Kravitsky contends that the court violated (1) his statutory rights, as

contained in Fed.R.Crim.P. 11;[3] and (2) his constitutional due-process rights, as

guaranteed in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274

---

[2] Following the court's revocation of Kravitsky's probation, the court granted Kravitsky's motion to substitute new counsel on appeal, but it denied his motions for appeal bond and for an extension of time to surrender.

[3] Kravitsky also generally argues in his reply brief that the district court violated his rights under Fed.R.Crim.P. 32.1—the rule governing proceedings relating to the revocation of probation and supervised release. Kravitsky, however, has abandoned this claim by failing to raise it in his initial brief. See United States v. Levy, 416 F.3d 1273, 1275 (11th Cir. 2005) (holding that an argument not raised in an appellant's opening brief is deemed abandoned). In any event, nothing in Rule 32.1 mandates that a court must ensure that an admission is knowing and voluntary. See generally Fed.R.Crim.P. 32.1.

4

(1969).[4]

We generally review a district court's revocation of probation for an abuse

of discretion.  See United States v. Frazier, 26 F.3d 110, 112 (11th Cir. 1994).[5]

However, when a defendant raises an argument for the first time on appeal, such as

in the instant case, our review is only for plain error.  United States v. Peters, 403

F.3d 1263, 1270 (11th Cir. 2005).  "Under plain error review, which is authorized

by Fed.R.Crim.P. 52(b), federal appellate courts have only a limited power to

correct errors that were forfeited because they were not timely raised in the district

court."  Id. at 1270-71 (internal quotations and marks omitted).  Thus, we:

> may not correct an error the defendant failed to raise in the district
> court unless there is: (1) error, (2) that is plain, and (3) that affects
> substantial rights. . . . Even then, we will exercise our discretion to
> rectify the error only if it seriously affects the fairness, integrity, or
> public reputation of judicial proceedings.

Id. at 1271 (internal quotations and marks omitted).

To the extent Kravitsky is arguing that the court erred in revoking his

---

[4]  In Boykin, the Supreme Court took the standard it previously had enunciated for waivers of the right to counsel and applied it generally to other rights given up in a guilty plea, including the right against self-incrimination, the right to trial by jury, and the right to confront one's accusers.  See Boykin, 395 U.S. at 242-43, 89 S.Ct. at 1712.  The Boykin Court held that, for a guilty plea to be valid and enforceable, "[t]he record must show, or there must be an allegation and evidence which show, that an accused . . . intelligently and understandingly" waived the rights implicated by a guilty plea.  See id. at 242, 89 S.Ct. at 1712.

[5]  Although Frazier involved the revocation of supervised release, we have concluded that the analysis of the revocation proceedings relating to probation and supervised release are "essentially the same."  See United States v. Almand, 992 F.2d 316, 318 n.5 (11th Cir. 1993).

probation because it did not comply with Fed.R.Crim.P. 11(b)(2), this rule

provides, in relevant part, as follows:

> Before accepting a plea of guilty or <u>nolo contendere</u>, the court must address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement).

Fed.R.Crim.P. 11(b)(2). "In evaluating whether a defendant has shown that his

[Rule 11] rights were substantially affected or prejudiced, we have examined the

three 'core objectives' of Rule 11, which are: (1) ensuring that the guilty plea is

free of coercion; (2) ensuring that the defendant understands the nature of the

charges against him; and (3) ensuring that the defendant is aware of the direct

consequences of the guilty plea." <u>United States v. Monroe</u>, 353 F.3d 1346, 1354

(11th Cir. 2003) (citation omitted). We may consult the whole record when

considering the effect of any error on substantial rights. <u>See</u> <u>id.</u> at 1350. We have

upheld plea colloquies wherein courts have failed to address an item expressly

required by Rule 11 if the overall plea colloquy adequately addressed these three

"core objectives." <u>See</u> <u>id.</u> at 1354.

Furthermore, the Supreme Court has concluded that "[i]t is only for certain

structural errors undermining the fairness of a criminal proceeding as a whole that

even preserved error requires reversal without regard to the mistake's effect on the

proceeding." <u>United States v. Dominguez Benitez</u>, 542 U.S. 74, ___, 124 S.Ct.

6

2333, 2339, 159 L.Ed.2d 157 (2004).  Otherwise,

> a defendant who seeks reversal of his conviction after a guilty plea, on
> the ground that the district court committed plain error under Rule 11,
> must show a reasonable probability that, but for the error, he would
> not have entered the plea.  A defendant must thus satisfy the judgment
> of the reviewing court, informed by the entire record, that the
> probability of a different result is sufficient to undermine confidence
> in the outcome of the proceeding.

Id., 542 U.S. at ___, 124 S.Ct. at 2340 (internal quotations and citations omitted).

In the instant case, Kravitsky has failed to argue, much less show, either that a

"core objective" of Rule 11 was not addressed, or that, but for the district court's

failure to question him personally whether he was admitting freely and voluntarily

to violating a condition of his probation, he would not have made such an

admission.

Even if Kravitsky had made such a showing, the Supreme Court has

determined that revocation proceedings are not a part of a criminal prosecution.

Morrissey v. Brewer, 408 U.S. 471, 480, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484

(1972) (parole revocation); Gagnon v. Scarpelli, 411 U.S. 778, 782, 93 S.Ct. 1756,

1759-60, 36 L.Ed.2d 656 (1973) (probation revocation).  Following this reasoning,

the former Fifth Circuit concluded in United States v. Johns, 625 F.2d 1175 (5th

Cir. Unit B 1980), that Rule 11 is inapplicable to probation-revocation hearings.

7

See id. at 1176 (rejecting defendant's argument that the court violated Rule 11 by failing to personally question her on whether she understood what rights she was waiving when she admitted through counsel that she had violated one of the conditions of her probation). Thus, Kravitsky's Rule 11 argument is without merit.

To the extent Kravitsky also is arguing that the court violated his due process rights in light of Boykin, the former Fifth Circuit in Johns did not determine if Boykin's due-process safeguards were applicable to probation-violation proceedings. See id. Indeed, a defendant facing possible revocation, "although not entitled to all of the procedural protections afforded a defendant in a criminal proceeding, is entitled to certain [due process] protections." See United States v. Copeland, 20 F.3d 412, 414 (11th Cir. 1994); see also United States v. Tyler, 605 F.2d 851, 853 (5th Cir. 1979) (revocation hearings "must comport with principles of fundamental fairness").

However, in refraining from deciding in Johns whether Boykin's due-process safeguards were applicable to probation-violation proceedings, the former Fifth Circuit explained that, even if the district court erred in not directly addressing the defendant about her admission through counsel, any error was harmless. See Johns, 625 F.2d at 1176. In making this harmless-error determination, the former Fifth Circuit relied on the facts that (1) the defendant had

admitted during the violation hearing that she was aware of the probation condition that she had violated, and (2) the government had offered corroborating evidence that established the violation. See id.

In the instant case, the magistrate advised Kravitsky during his preliminary revocation hearing, with Kravitsky's counsel present, of his rights and the nature of his violation. The government subsequently supplied Kravitsky with discovery. Moreover, during the revocation hearing, at the conclusion of this factual proffer, Kravitsky personally admitted that the facts underlying the probation violation were correct, and he did not object to his counsel's assertion that he was admitting to violating his probation. See United States v. Farrell, 393 F.3d 498, 500 (4th Cir. 2005) (as persuasive authority, concluding that the defendant knowingly and voluntarily admitted to violating conditions of her supervised release when she apologized to the court and did not object to her counsel's assertions during the revocation hearing that she was admitting the violations).

In addition, as discussed above, an error must be "plain" for this Court to conclude that plain error occurred. See Peters, 403 F.3d at 1270. "Plain error is, by its terms, error which is so obvious and substantial that it should not have been permitted by the trial court even absent the defendant's timely assistance in detecting it." United States v. Prieto, 232 F.3d 816, 823 (11th Cir. 2000).

9

"[W]here neither the Supreme Court nor this Court has ever resolved an issue, and other circuits are split on it, there can be no plain error in regard to that issue." United States v. Aguillard, 217 F.3d 1319, 1321 (11th Cir. 2000). Because neither the Supreme Court nor this Court has concluded that Boykin's due-process safeguards are applicable to probation-violation proceedings, a violation of these safeguards, if any, was not "plain."

Accordingly, we conclude that Kravitsky has failed to show that the district court plainly erred in violating his probation without personally questioning him on whether his admission to violating a term of his probation was knowing and voluntary. We, therefore, affirm.

**AFFIRMED.**