**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4607**

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　v.

VINCENT MISSOURI,

　　　　　Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.　Margaret B. Seymour, District Judge.　(6:00-cr-00498-MBS-1)

Submitted:　June 10, 2010　　　　　Decided:　June 23, 2010

Before WILKINSON and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis H. Lang, CALLISON TIGHE & ROBINSON, LLC, Columbia, South Carolina, for Appellant.　W. Walter Wilkins, United States Attorney, David C. Stephens, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Vincent Missouri appeals the thirty-six month sentence imposed by the district court following revocation of his term of supervised release. On appeal, Missouri's sole argument is that the district court erred in denying his motion to proceed pro se. Finding no reversible error, we affirm.

While the Sixth Amendment grants a defendant the right to proceed pro se at trial, Faretta v. California, 422 U.S. 806, 819 (1975), it does not extend that right to supervised release revocation proceedings. United States v. Hodges, 460 F.3d 646, 650 (5th Cir. 2006). Instead, Federal Rule of Criminal Procedure 32.1(b)(2) governs the defendant's right to self-representation, granting a defendant the right to retain counsel or request appointment of counsel unless that right is knowingly and voluntarily waived. United States v. Farrell, 393 F.3d 498, 500 (4th Cir. 2005). The district court's denial of a motion to proceed pro se is reviewed for abuse of discretion. See Gagnon v. Scarpelli, 411 U.S. 778, 790 (1973) (stating "that the decision as to the need for counsel must be made on a case-by-case basis in the exercise of a sound discretion"). Even assuming, without deciding, that the district court abused its discretion in denying Missouri's motion to proceed pro se, we find that any error was harmless and did not affect Missouri's

2

substantial rights, as the district court allowed both counsel and Missouri ample opportunity to advance Missouri's pro se argument. See Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.").

Accordingly, we deny Missouri's motion to file a pro se supplemental brief and affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED