NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 19, 2013
Decided April 19, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-3296

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 4:98CR40124-003 |
| DERRICK SHANNON, *Defendant-Appellant.* | J. Phil Gilbert, *Judge.* |

**O R D E R**

In 1999 Derrick Shannon was convicted of drug crimes, *see* 21 U.S.C. §§ 841(a)(1), 846, and sentenced to a total of 168 months' imprisonment to be followed by 5 years of supervised release. He began serving the term of supervised release in January 2009, but nine months later that term was revoked for driving under the influence. Shannon was reimprisoned for another 24 months to be followed by 36 months of supervised release. He began serving the new term of supervised release in June 2011.

Over the course of the next year, Shannon committed a series of violations, including using alcohol and missing counseling classes. Modifications requiring him to be tested for alcohol use and to live in a halfway house did not quell the infractions, and in

August 2012 his probation officer again moved to revoke Shannon's supervised release. Shannon had tested positive for alcohol use (he says from mouthwash) and committed other violations, including on one occasion being absent from the halfway house without permission. Shannon waived his right to contest revocation and admitted each violation. The district court revoked his supervised release and imposed 6 months' reimprisonment to be followed by a term of 36 months' supervised release. *See* 18 U.S.C. §§ 3583(e)(3), (h) (1994 & Supp. IV 1998). Shannon has filed a notice of appeal, but his appointed attorney believes the appeal is frivolous and seeks to withdraw under *Anders v. California,* 386 U.S. 738 (1967). Shannon has not responded to counsel's motion. *See* CIR. R. 51(b). We review only the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh,* 289 F.3d 968, 973–74 (7th Cir. 2002).

Counsel informs us that Shannon wishes to challenge the revocation, *see United States v. Wheaton,* 610 F.3d 389, 390 (7th Cir. 2010), and so the lawyer discusses whether "Shannon entered a knowing and voluntary plea." Counsel analyzes that question by looking to the requirements for guilty pleas under Federal Rule of Criminal Procedure 11. But a waiver of the right to contest the revocation of supervised release is governed by Federal Rule of Criminal Procedure 32.1 and need only be knowing and voluntary under the totality of the circumstances; Rule 11 doesn't apply. *See United States v. LeBlanc,* 175 F.3d 511, 516–17 (7th Cir. 1999); *United States v. Hodges,* 460 F.3d 646, 652 (5th Cir. 2006); *United States v. Farrell,* 393 F.3d 498, 500 (4th Cir. 2005). Moreover, as counsel points out, the judge engaged Shannon in a lengthy colloquy, which satisfies us that Shannon's admissions were knowing and voluntary. *See LeBlanc,* 175 F.3d at 516–17. The judge explained the nature of the allegations, told Shannon the consequences of admitting their truth (including that he was giving up various rights, including the rights to present witnesses and confront adverse witnesses, *see* FED. R. CRIM. P. 32.1(b)(2)), and ensured that no one had induced him to admit the violations.

Counsel also considers whether Shannon could argue that his 6-month term of reimprisonment is plainly unreasonable. *See United States v. Berry,* 583 F.3d 1032, 1034 (7th Cir. 2009); *United States v. Kizeart,* 505 F.3d 672, 675 (7th Cir. 2007). Counsel concludes that any challenge to the length of the term would be frivolous, and we agree. Six months is well below the 60-month statutory maximum. *See* 18 U.S.C. §§ 3559(a)(1), 3583(e)(3) (1994 & Supp. IV 1998); 21 U.S.C. § 841(b)(1)(A)(iii) (1994 & Supp. IV 1998). The district court calculated a policy-statement range of 6 to 12 months' reimprisonment based on Shannon's criminal history category of IV and Grade C violations of his supervised release. *See* U.S.S.G. §§ 7B1.1(a)(3), 7B1.4(a); *United States v. Snyder,* 635 F.3d 956, 960 (7th Cir. 2011). The court considered counsel's argument in mitigation that a term at the low end was appropriate based on Shannon's recent employment and independent living. The judge accepted this argument and took into account the sentencing factors in 18 U.S.C. § 3553(a),

telling Shannon that "you are holding down two jobs, have your own place, I think you can make it," but that "you just gotta quit taking a step backwards when you move forward." This is all the judge was required to do to revoke Shannon's supervised release and impose a term of reimprisonment. *See United States v. Neal*, 512 F.3d 427, 438–39 (7th Cir. 2008).

The motion to withdraw is GRANTED, and the appeal is DISMISSED.