**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4930**

_____

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

RONALD BROOKS CAMPBELL,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (7:07-cr-00131-F-1)

_____

Submitted:  August 21, 2014           Decided:  September 5, 2014

_____

Before NIEMEYER, AGEE, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, Andrea T. Barnes, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Shailika K. Shah, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Brooks Campbell pleaded guilty to the first count of a two-count indictment charging him with possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2012), and possessing stolen firearms, in violation of 18 U.S.C. § 922(i) (2012); the district court sentenced him to 180 months of imprisonment in November 2008. The court subsequently granted Campbell's 28 U.S.C. § 2255 (2012) motion filed pursuant to this court's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), vacated the prior judgment as to Count 1 of the indictment, and reinstated Count 2. Campbell pleaded guilty to the charge in Count 2 of the indictment and the court sentenced him to time served followed by five years of supervised release.

Six months after his release into supervision, Campbell's probation officer filed a motion seeking revocation of Campbell's supervised release for various alleged violations. After a hearing, the district court determined that Campbell had violated the terms of his supervised release, revoked his supervised release, and sentenced Campbell to twenty-four months of incarceration with no period of supervised release to follow. Campbell now appeals. For the reasons that follow, we affirm.

Campbell first argues that the district court violated his due process rights by failing to determine that there was a

2

factual basis for the revocation. As Campbell failed to raise this issue in the district court, we review this challenge for plain error. See United States v. Olano, 507 U.S. 725, 732 (1993). Campbell must demonstrate, therefore, that (1) the district court erred, (2) the error was plain, and (3) the error affected his substantial rights. Id.

"[T]he Due Process Clause of the Fourteenth Amendment imposes procedural . . . limitations on the revocation of the conditional liberty created by . . . supervised release." United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992) (internal quotation marks omitted). "In considering whether a district court's findings in support of a supervised release revocation are sufficient, this court must consider the district court's written findings, together with the hearing transcript and the rest of the record, and determine whether these materials permit the court to determine the factual basis of the district court's decision." United States v. Driggers, 27 F. App'x 152, 153 (4th Cir. 2001) (unpublished) (citing United States v. Copley, 978 F.2d 829, 832 (4th Cir. 1992)). The district court need only find a violation of a term of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012); see United States v. Armstrong, 187 F.3d 392, 394 (4th Cir. 1999). Moreover, "[a] defendant's supervised release cannot be revoked without a full hearing

3

unless the defendant knowingly and voluntarily admits to the allegations against [him] and waives [his] rights under Rule 32.1 of the Federal Rules of Criminal Procedure." United States v. Farrell, 393 F.3d 498, 500 (4th Cir. 2005) (internal quotation marks omitted). We have reviewed the record and the relevant legal authorities and conclude that the district court did not commit plain error in revoking Campbell's supervised release.

Campbell next challenges the sentence imposed by the district court. We review a sentence imposed as a result of a supervised release violation to determine whether the sentence is plainly unreasonable. See United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). Although a district court must consider the policy statements in Chapter Seven of the Sentencing Guidelines along with the statutory requirements of 18 U.S.C. §§ 3553(a) and 3583 (2012), "the court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." Crudup, 461 F.3d at 439 (internal quotation marks omitted). And although "[a] court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a [original] sentence . . . it still must provide a statement of reasons for the sentence imposed." United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010) (internal quotation marks omitted). Our

4

review of the record leads us to conclude that the sentence is not plainly unreasonable.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED

5