**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 14-4761**

―――――――――――

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

ERIC RILEY,

               Defendant - Appellant.

―――――――――――

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield. David A. Faber, Senior District Judge. (1:06-cr-00072-5)

―――――――――――

Submitted: April 20, 2015           Decided: May 18, 2015

―――――――――――

Before AGEE and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

―――――――――――

Affirmed in part; dismissed in part by unpublished per curiam opinion.

―――――――――――

Debra Kilgore, BURTON KILGORE & BALDWIN, Princeton, West Virginia, for Appellant. Miller A. Bushong, III, OFFICE OF THE UNITED STATES ATTORNEY, Beckley, West Virginia, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Riley appeals the district court's amended order revoking his supervised release and sentencing him to 14 months of imprisonment and 12 months of supervised release. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court plainly erred in revoking Riley's term of supervised release and whether the revocation sentence is plainly unreasonable. Riley was advised of his right to file a pro se supplemental brief, but he has not filed one. We affirm in part and dismiss in part.

During the pendency of this appeal, Riley's prison term ended, and he began serving his new term of supervised release. We may address sua sponte "whether we are presented with a live case or controversy . . . since mootness goes to the heart of the Article III jurisdiction of the courts." Friedman's, Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002) (internal quotation marks omitted). Because Riley has already served his term of imprisonment, there is no longer a live controversy regarding the length of his confinement. Accordingly, counsel's challenge to the reasonableness of Riley's term of imprisonment is moot. See United States v. Hardy, 545 F.3d 280, 283-85 (4th Cir. 2008) (holding that defendant's release from prison moots

appeal of revocation sentence). However, because Riley is currently serving the 12-month term of supervised release, we retain jurisdiction to review the district court's decisions to revoke Riley's supervised release and to impose a new term of supervised release.

Counsel questions whether the district court plainly erred by failing to explicitly inquire whether Riley's plea of no contest to the supervised release violation was knowing and voluntary. Because Riley did not raise this issue in the district court, our review is for plain error. See Henderson v. United States, 133 S. Ct. 1121, 1126-27 (2013) (explaining plain error review). "A defendant's supervised release cannot be revoked without a full hearing unless the defendant knowingly and voluntarily admits to the allegations against [him] and waives [his] rights under Rule 32.1 of the Federal Rules of Criminal Procedure." United States v. Farrell, 393 F.3d 498, 500 (4th Cir. 2005). A knowing and voluntary waiver of the right to a full revocation hearing may be inferred from the totality of the circumstances and without a formal colloquy with the defendant. Id.; see United States v. Stehl, 665 F.2d 58, 59-60 (4th Cir. 1981) (holding that Federal Rule of Criminal Procedure 11 "has no application to [supervised release] revocation proceedings").

After a thorough review of the record, we conclude that the totality of the circumstances indicate that Riley's plea of no contest to the revocation violation was knowing and voluntary. The court, therefore, did not err — plainly or otherwise — by failing to explicitly inquire into the voluntariness of the plea. We also conclude that Riley's 12-month term of supervised release is not plainly unreasonable. See United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013) ("We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." (internal quotation marks omitted)).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore dismiss the appeal as moot to the extent Riley seeks to challenge his 14-month term of imprisonment and affirm the remainder of the district court's judgment. This court requires that counsel inform Riley, in writing, of the right to petition the Supreme Court of the United States for further review. If Riley requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Riley. We dispense with oral argument because the facts and legal contentions are adequately presented in the

4

materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>