**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4856**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

WILLIAM GUTIERREZ,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Catherine  C.  Blake,  Chief  District
Judge.  (1:09-cr-00279-CCB-1)

_____

Submitted:  June 25, 2015          Decided:  August 5, 2015

_____

Before SHEDD, FLOYD, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

James  Wyda,  Federal  Public  Defender,  Julie  L.B.  Johnson,
Appellate Attorney, Greenbelt, Maryland, for Appellant.  Rod J.
Rosenstein, United States Attorney, Richard C. Kay, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Gutierrez appeals the district court's order revoking his supervised release and sentencing him to 18 months' imprisonment. Gutierrez contends that the district court violated his due process rights by failing to adequately ensure that he knowingly and voluntarily admitted to violating the conditions of supervised release. For the reasons that follow, we affirm.

Because Gutierrez did not raise any objections in the district court to the adequacy of the district court's inquiry before accepting his admission to violating the conditions of supervised release, our review is for plain error. See Henderson v. United States, 133 S. Ct. 1121, 1126-27 (2013) (explaining plain error review). "A defendant's supervised release cannot be revoked without a full hearing unless the defendant knowingly and voluntarily admits to the allegations against [him] and waives [his] rights under Rule 32.1 of the Federal Rules of Criminal Procedure." United States v. Farrell, 393 F.3d 498, 500 (4th Cir. 2005). A knowing and voluntary waiver of the right to a full revocation hearing may be inferred from the totality of the circumstances and without a formal colloquy with the defendant. Id.; see United States v. Stehl, 665 F.2d 58, 59-60 (4th Cir. 1981) (holding that Federal Rule of

Criminal Procedure 11 "has no application to [supervised release] revocation proceedings").

After a thorough review of the record, we conclude that the totality of the circumstances indicates that Gutierrez's admission to the revocation violations was knowing and voluntary. The court, therefore, did not err — plainly or otherwise — by failing to explicitly inquire into the voluntariness of the admission.

We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>