**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 17-4210**

UNITED STATES OF AMERICA,

    Plaintiff -Appellee,

  v.

JOSEPH EDWARD BROWN, JR.,

    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:05-cr-00235-RLV-DCK-6)

Submitted: September 12, 2017      Decided: October 13, 2017

Before GREGORY, Chief Judge, and AGEE and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Leslie Carter Rawls, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Edward Brown, Jr. appeals the district court's order revoking his supervised release and sentencing him to 30 months of imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether Brown knowingly and voluntarily admitted that he violated his supervised release and waived his right to a full hearing, whether the court erred in revoking Brown's supervised release and imposing a sentence of incarceration, and whether the record demonstrates governmental racial discrimination. Brown was advised of his right to file a pro se supplemental brief, but has not done so. Finding no error, we affirm.

Appellate counsel first questions whether Brown knowingly and voluntarily admitted that he violated the terms of his supervised release and waived a full hearing. The Federal Rules of Criminal Procedure provide that a district court must hold a revocation hearing upon an allegation of the violation of the terms of a defendant's supervised release in which the defendant is provided written notice of the alleged violation, disclosure of the evidence against him, an opportunity to appear and present evidence, and notice of the right to counsel. Fed. R. Crim. P. 32.1(c)(2). "A defendant's supervised release cannot be revoked without a full hearing unless the defendant knowingly and voluntarily admits to the allegations against [him] and waives [his] rights under Rule 32.1." *United States v. Farrell*, 393 F.3d 498, 500 (4th Cir. 2005). A knowing and voluntary waiver of the right to a full revocation hearing may be inferred from the totality of the circumstances and without a formal colloquy with the defendant.

2

*Id.*; *see United States v. Stehl*, 665 F.2d 58, 59-60 (4th Cir. 1981) (Fed. R. Crim. P. 11 does not apply to supervised release revocation proceedings). We have thoroughly reviewed the record and conclude that Brown understood the allegations against him, knowingly and voluntarily admitted to the violations, and waived a full revocation hearing.

Counsel next questions whether the court erred in revoking Brown's supervised release and imposing a term of imprisonment. We review the district court's revocation of supervised release for abuse of discretion, and the court's factual determinations underlying the conclusion that a violation occurred for clear error. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir.), *cert. denied*, 136 S. Ct. 494 (2015). Upon finding a violation of a term of supervised release by a preponderance of the evidence, the court may revoke a term of supervised release and require the defendant to serve imprisonment for all or part of the term of supervised release authorized by the statute for the underlying offense. 18 U.S.C. § 3583(e)(3) (2012); *see United States v. Copley*, 978 F.2d 829, 831 (4th Cir. 1992). Prior to revoking supervised release and imposing a sentence, a court must consider specified factors set forth in 18 U.S.C. § 3553(a) (2012). 18 U.S.C. § 3583(e).

Here, the court did not err in revoking Brown's supervised release after he admitted the violations, and correctly sentenced Brown to a term of imprisonment upon the revocation. *See* 18 U.S.C. § 3583(g)(4) (2012) (court must impose term of imprisonment if defendant tests positive for illegal controlled substances on three occasions within one year). Finally, there is no evidence in the record of any

3

discrimination against Brown by the Government in prosecuting Brown's supervised release violations.

We have examined the entire record in accordance with the requirements of *Anders* and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform Brown, in writing, of the right to petition the Supreme Court of the United States for further review. If Brown requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brown. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*