**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 17-4361**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

OMAR DUPRAZ CRITTINGTON,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:11-cr-00083-MOC-DCK-1)

_____

Submitted: January 22, 2018                    Decided: February 2, 2018

_____

Before WILKINSON and KEENAN, Circuit Judges, and SHEDD, Senior Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded with instructions by unpublished per curiam opinion.

_____

Sean P. Vitrano, VITRANO LAW OFFICES, PLLC, Wake Forest, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Anthony J. Enright, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Omar Dupraz Crittington appeals from the district court's judgment revoking his supervised release and imposing a 7-month prison term and 1-year term of supervised release. He contends that his due process rights were violated because the district court failed to ensure he made a knowing and voluntary admission to violating the terms of his supervised release and waiver of his rights under Fed. R. Crim. P. 32.1 to a revocation hearing. He also challenges the district court's imposition of the 1-year term of supervised release, arguing that the court plainly erred in sentencing him to a supervised release term that did not account for a 24-month prison term imposed on him following a prior revocation of his supervised release and the 7-month prison term imposed as part of his current revocation sentence. For the reasons that follow, we affirm in part, vacate in part, and remand with instructions.

Because Crittington did not raise any objections in the district court to the adequacy of its inquiry, our review of his first contention is for plain error. *See Henderson v. United States*, 568 U.S. 266, 272-73 (2013) (discussing plain error review). "A defendant's supervised release cannot be revoked without a full hearing unless the defendant knowingly and voluntarily admits to the allegations against [him] and waives [his revocation hearing] rights under Rule 32.1 of the Federal Rules of Criminal Procedure." *United States v. Farrell*, 393 F.3d 498, 500 (4th Cir. 2005). A knowing and voluntary waiver of the right to a full revocation hearing may be inferred from the totality of the circumstances and without a formal colloquy with the defendant.

2

*Id.*; *see United States v. Stehl*, 665 F.2d 58, 59-60 (4th Cir. 1981) (holding that Fed. R. Crim. P. 11 "has no application to [supervised release] revocation proceedings").

After a thorough review of the record and the parties' briefs, we conclude that the totality of the circumstances establishes that Crittington's admission to violating the terms of his supervised release and waiver of his rights to a full revocation hearing were knowingly and voluntarily made. We therefore discern no plain error by the district court.

We also review for plain error Crittington's challenge to the district court's imposition of the 1-year term of supervised release. *United States v. Maxwell*, 285 F.3d 336, 338 (4th Cir. 2002). The relevant statute-18 U.S.C. § 3583(h) (2012)-provides that, when a district court revokes a defendant's term of supervised release and imposes a term of imprisonment, it may require the defendant to serve an additional term of supervised release. "The length of such a term," however, "shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." *Id.* "[T]he plain meaning of the phrase 'less any term of imprisonment that was imposed upon revocation of supervised release' . . . is that the prison term in the current revocation sentence, together with all prison time imposed under any prior revocation sentence or sentences, must be aggregated." *Maxwell*, 285 F.3d at 341.

Here, the maximum term of supervised release authorized for Crittington's conviction for the underlying felony of possession of a firearm by a convicted felon is 3

years.  *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2), 3559(a)(3), 3583(b)(2) (2012).  Crittington received a 24-month prison term after his initial revocation of supervised release and a 7-month prison term in his current revocation sentence, for a total of 31 months.  Section 3583(h), therefore, authorized Crittington to receive a supervised release sentence of no longer than 5 months.

Crittington's 1-year term of supervised release exceeds the applicable statutory maximum by 7 months.  Our precedent establishes that imposition of this sentence amounts to a plain error warranting correction when challenged for the first time on appeal.  *Maxwell*, 285 F.3d at 341-43.  Crittington has not argued that the district court's error in imposing a supervised release term requires resentencing.  We therefore conclude that the most appropriate remedy is to vacate this portion of the revocation judgment and remand to the district court for the limited purpose of reducing Crittington's term of supervised release to 5 months.  *See United States v. Zoran*, 682 F.3d 1060, 1065 n.7 (8th Cir. 2012).

Accordingly, we affirm the revocation judgment in part, vacate in part, and remand to the district court with instructions to reduce Crittington's term of supervised release to 5 months.  We grant Crittington's motion to expedite the decision and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.  The clerk's office is directed to issue the mandate forthwith.

*AFFIRMED IN PART,*
*VACATED IN PART, AND REMANDED WITH INSTRUCTIONS*