**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4432**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TRAVIS JERMAINE WRIGHT,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., Senior District Judge.  (3:09-cr-00967-JFA-1)

Submitted:  December 20, 2018                    Decided:  January 4, 2019

Before WILKINSON, NIEMEYER, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William W. Watkins, Sr., WILLIAM W. WATKINS, PA, Columbia, South Carolina, for Appellant.  Sherri A. Lydon, United States Attorney, Brook Bowers Andrews, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM :

Travis Jermaine Wright appeals from the district court's judgment revoking his supervised release and imposing a 30-month prison term followed by 3 years of supervised release. He contends that his due process rights were violated because the district court failed to ensure that he made a knowing and voluntary admission to violating the terms of his supervised release and waiver of his rights under Fed. R. Crim. P. 32.1 to a revocation hearing. Finding no error, we affirm.

Because Wright did not raise any objections in the district court to the adequacy of its inquiry, our review is for plain error. *See Henderson v. United States*, 568 U.S. 266, 272-73 (2013) (discussing plain error review). "A defendant's supervised release cannot be revoked without a full hearing unless the defendant knowingly and voluntarily admits to the allegations against [him] and waives [his revocation hearing] rights under Rule 32.1 of the Federal Rules of Criminal Procedure." *United States v. Farrell*, 393 F.3d 498, 500 (4th Cir. 2005). A knowing and voluntary waiver of the right to a full revocation hearing may be inferred from the totality of the circumstances and without a formal colloquy with the defendant. *Id.*; *see United States v. Stehl*, 665 F.2d 58, 59-60 (4th Cir. 1981) (holding that Fed. R. Crim. P. 11 "has no application to [supervised release] revocation proceedings").

After a thorough review of the record and the parties' briefs, we conclude that the totality of the circumstances establishes that Wright's admission to violating the terms of his supervised release and waiver of his rights to a full revocation hearing were knowingly and voluntarily made. We therefore find no plain error by the district court

2

and affirm its judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*